IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LATOYA R. HOLMES,** *et al.*, <br><br> *Debtors/Appellants*, <br><br> v. <br><br> **TROWBRIDGE REALTY CORP.**, <br><br> *Creditor/Appellee*. | Civil No. 1:23-cv-003056-JRR <br><br> Bankruptcy Case No. 22-15678 |

## MEMORANDUM

Pending before the court in this bankruptcy appeal is *pro se* Debtor LaToya Holmes and *pro se* Co-Debtor Bernida Marshall's (together, "Appellants") Motion to Stay Pending Outcome of Appeal.  (ECF No. 2; the "Motion.")  Appellee Trowbridge Realty Corp. ("TRC") filed an Objection and Request for Bond or Security in response to the Motion (ECF No. 4).  The court has reviewed the parties' submissions.  No hearing is necessary.  Local Rule 105.6 (D. Md. 2023).  For the reasons set forth below, the court will deny the Motion.

I.   BACKGROUND

The crux of this bankruptcy appeal relates to Appellants' lease of the premises located at 4418 Roland Heights Ave, Baltimore, Maryland 21211.  (Lease Agreement, ECF No.1 at 8.)  The lease term was from May 6, 2022, through May 5, 2023.  *Id.*  Despite expiration of the lease term, Appellants continue to occupy the premises without paying rent.  (ECF No. 4 at 1.)  On April 13, 2023, former creditor, ResiHome, LLC, filed a motion for relief from stay regarding the premises as to Debtor Holmes only.  (B.R. ECF No. 52.)  Following an evidentiary hearing, the Bankruptcy

Court issued an order dated June 16, 2023, terminating the stay as to the premises; Debtor Holmes did not appeal. (B.R. ECF Nos. 59 and 60). In July 2023, the landlord for the property filed a complaint for repossession of rented property against Appellants in the district court of Maryland (the "rent action"). (Landlord Complaint, ECF No. 1 at 9.) The district court entered judgment in favor of the landlord. (Notice of Appeal, ECF No. 1 at 1.)

On September 14, 2023, Creditor TRC, as successor in interest to ResiHome, LLC, filed a motion for relief from stay regarding the property as to Appellants. (B.R. ECF No. 77.) The Bankruptcy Court held an evidentiary hearing, and, by order issued October 25, 2023, granted TRC's motion. (B.R. ECF No. 82.) The October 25 order provides:

> THIS MATTER came before the Court on the Motion for Relief from Co-Debtor stay filed by Trowbridge Realty Corp. with respect to a rental unit located at 4418 Roland Heights Ave., Baltimore, Maryland 21211 and the Answers filed by the Debtor and Co-Debtor herein, and
>
> UPON IT APPEARING TO THE COURT based upon the testimony, evidence and arguments presented to the Court, and for reasons stated in open court, that the failure to grant relief would work a hardship on the Movant, it is therefore
>
> ORDERED that the relief from the Co-Debtor stay provided by 11 U.S.C. § 1301 is hereby GRANTED and the Co-Debtor Stay is lifted to allow legal actions necessary to recover the unit aforesaid.

(B.R. ECF No. 82). Appellants then filed the instant appeal challenging the Bankruptcy Court's October 25 order along with the pending Motion. (ECF Nos. 1 and 2.)

The court is mindful that Appellants' *pro se* filings are to be liberally construed and are held to a less stringent standard than filings drafted by lawyers. *Erickson v. Pardus*, 551 U.S.s 89, 94 (2007). Appellants assert the district court of Maryland and the Bankruptcy Court failed to hold the landlord responsible for "fraudulently collecting rent payments without a rental license and allowing them to proceed with eviction proceedings." (ECF No. 1 at 1.) The court understands

Appellants' sole issue on appeal to be whether the Bankruptcy Court properly lifted the stay as to the rental property given the landlord's "fraudulent" collection of rent from Appellants. *Id.* In support of their Motion, Appellants argue that a stay pending the outcome of their appeal is warranted because of the "irreparable harm" to their rights as tenants. (ECF No. 2 at 1.)

TRC argues that this court should deny Appellants' Motion because the "hold-over occupancy of a bankrupt debtor without making payment works an irreparable harm on the creditor." (ECF No. 4 at 1-2.) TRC requests this court approve a bond or other security in the event it decides to grant Appellants Motion to stay. *Id.* at 2.

## II.    LEGAL STANDARDS AND PROCEDURE

Pursuant to Bankruptcy Rule 8007, a United States District Court may stay a Bankruptcy Court order pending appeal. FED. R. BANKR. P. 8007. The party seeking such a stay bears the burden of demonstrating: (1) likelihood of success on the merits of the appeal; (2) irreparable harm if the stay is denied; (3) that other parties will not be substantially harmed by the stay; and (4) that granting the stay serves the public interest. *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970). Pursuant to Rule 8007(a)(1)(A), ordinarily a party must first seek a stay pending appeal from the Bankruptcy Court; however, Rule 8007(b)(2)(A) allows that a party may seek a stay from the district court provided the motion "show[s] that moving first in the bankruptcy court would be impracticable," sets forth the reasons to grant the requested relief, and attaches supporting documentation and relevant portions of the record.

## III.   ANALYSIS

Appellants have failed to comply with the procedure set forth in Rule 8007 (described above). *Jalali v. Pierce Assocs.*, Civil No. 11-1069-WDQ, 2011 WL 3648284, *2 (D. Md. Aug. 11, 2011) (noting that "failure to comply with [Rule 8007] by first seeking relief from the

bankruptcy court 'weighs heavily' against a stay, and 'may be fatal' to the request.") (quoting *In re Union Trust Philadelphia, LLC*, 2011 WL 3330797, at *3 (E.D. Pa. Aug. 2, 2011)) (citations omitted).

As to the merits of the Motion, Appellants do not carry their burden.  First, Appellants do not address their likelihood of success on the merits of their appeal.  In liberally construing Appellants' filing, the court understands Appellants contend the judgment in the rent action is "illegally inflated" and should be altered or amended under MD. RULE 3-535(b)[1] due to fraud.  That notwithstanding, Appellants offer no evidence that they have filed any motion to amend or alter the judgment in the rent action or that they would be successful on the same.  Appellants instead rest on the bare assertion that the Bankruptcy Court allowed the stay to be lifted despite the landlord's alleged fraud.  Although the legal basis of the appeal is not entirely clear to the court, no matter its grounds, Appellants fail to provide support or evidence of the likelihood of their success.

Under the second factor, Appellants must demonstrate that they would be irreparably harmed in the absence of a stay.  Appellants summarily assert that their tenant rights would be irreparably harmed if the court does not enter the requested stay (ECF No. 2 at 2), but do not provide the court with adequate insight as to what tenant rights might be harmed.  Instead, Appellants seek to attack the judgment in the rent action under Maryland Rule 3-535(b) (applicable in state district court) arguing the "landlord committed fraud by claimed that we owed rent that we don't" and that "permitting our landlord to go forward with eviction proceedings when we have fraudulent evidence of an illegally inflated judgment would constitute a mistake/irregularity." (ECF No. 2 at 2.)  Based on Appellants' arguments, the court cannot discern precisely what tenant

---

[1] MD. RULE 3-535(b) provides: "On motion of any party filed at any time the court may exercise revisory power and control over the judgment in case of fraud, mistake, or irregularity."

4

rights Appellants contend are at issue or whether such rights would be irreparably harmed absent a stay pending appeal. (The court also notes that Appellants do indicate that they sought relief under Maryland Rule 3-535.)

With respect to the third factor, Appellants are silent as to whether TRC would (or would not) suffer harm by entry of a stay. TRC, however, urges that permitting Appellants to continue to occupy the rental property without paying rent substantially harms its creditor interests and rights. (ECF No. 4 at 1-2). The order of October 25, 2023 (B.R. ECF No. 82), allows for TRC to pursue the legal remedies available to it in order to recover the rental property from Appellants. (B.R. ECF No. 82.) If this court stays the October 25 order, TRC would be foreclosed from seeking repossession of the premises or recovery of rent for same. Appellants offer no evidence or argument why TRC would not be substantially harmed in the event it was stayed from undertaking the legal actions necessary to recover the rental property.

As to the public interest, Appellants fail entirely to address this factor.

## IV.   **CONCLUSION**

For the reasons set forth herein, by separate order, the Motion is denied, TRC's request for bond or other security is denied as moot; and the court sets forth a briefing schedule as to the pending appeal.

                                                            /S/
                                                          Julie R. Rubin
January 17, 2024                                    United States District Judge