### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

**LATOYA R. HOLMES,** *et al.,*

                    *Debtors/Appellants,*

      v.                                     **Civil No. 1:23-cv-03056-JRR**

                                                **Bankruptcy Case No. 22-15678**

**TROWBRIDGE REALTY CORP.,**

                      *Creditor/Appellee.*

### <u>MEMORANDUM OPINION</u>

Pending before the court is Appellants Debtor LaToya Holmes and Co-Debtor Bernida Marshall's appeal from an order of the United States Bankruptcy Court lifting an automatic stay pursuant to 11 U.S.C. § 1301, and thus permitting Appellee Trowbridge Realty Corp. to proceed with eviction proceedings against Co-Debtor Marshall. (ECF No. 1.) Appellants filed their brief in support of their appeal (ECF No. 8), and Appellee filed its Motion to Strike Appellant's Brief and Dismiss Appeal in response (ECF No. 9; "Appellee's Motion"). The court has reviewed all papers. Pursuant to Federal Rule of Bankruptcy Procedure 8019 and Local Rule 105.6, no hearing is necessary because the parties have presented their arguments in the briefs and record, and the decisional process would not be significantly aided by oral argument. For the reasons that follow, by accompanying order, Appellants' appeal will be dismissed, and Appellee's Motion will be denied as moot.

### I. BACKGROUND

The crux of this appeal relates to Appellants' lease of the premises located at 4418 Roland Heights Ave, Baltimore, Maryland 21211. (ECF No.1 at 8.) On April 13, 2023, former creditor, ResiHome, LLC, filed a motion for relief from stay regarding the premises as to Debtor Holmes

only.  (Bankr. Ct. ECF No. 52.)  Following an evidentiary hearing, the Bankruptcy Court issued an order dated June 16, 2023, terminating the stay as to the premises; Debtor Holmes did not appeal.  (Bankr. Ct. ECF Nos. 59 and 60).  In July 2023, the landlord for the property filed a complaint for repossession of rented property against Appellants in the District Court of Maryland. (ECF No. 1 at 9.)  The district court entered judgment in favor of the landlord.  (ECF No. 1 at 1.)

On September 14, 2023, Appellee, as successor in interest to ResiHome, LLC, filed a motion for relief from stay regarding the property as to Co-Debtor Marshall.  (Bankr. Ct. ECF No. 77.)  The Bankruptcy Court held an evidentiary hearing, and, by order issued October 25, 2023, granted Appellee's motion.  (Bankr. Ct. ECF No. 82.)  The order provides:

> THIS MATTER came before the Court on the Motion for Relief from Co-Debtor stay filed by Trowbridge Realty Corp. with respect to a rental unit located at 4418 Roland Heights Ave., Baltimore, Maryland 21211 and the Answers filed by the Debtor and Co-Debtor herein, and
>
> UPON IT APPEARING TO THE COURT based upon the testimony, evidence and arguments presented to the Court, and for reasons stated in open court, that the failure to grant relief would work a hardship on the Movant, it is therefore
>
> ORDERED that the relief from the Co-Debtor stay provided by 11 U.S.C. § 1301 is hereby GRANTED and the Co-Debtor Stay is lifted to allow legal actions necessary to recover the unit aforesaid.

(Bankr. Ct. ECF No. 82).  Appellants then filed the instant appeal challenging the above order. (ECF Nos. 1 and 2.)

Appellants' pleading initiating this appeal states that the "local rent court and bankruptcy court both failed to hold [Appellee] responsible for fraudulently collecting rent payments without a rental license and allowing them to proceed with eviction proceedings."  (ECF No. 1 at p. 1.) While related, the Bankruptcy Court order subject to this appeal did not concern fraudulent rent payments; rather, it pertained to the lift of the stay as to Co-Debtor Marshall, which, in turn,

allowed the eviction action to proceed.  *Id.*; ECF No. 8.  After initiating this appeal, Appellants filed their motion to stay the Bankruptcy Court's order pending appeal, which this court denied. (ECF Nos. 2, 6, 7.)  In the court's order denying the motion, the court ordered the parties to file briefs on the pending appeal and to "review and ensure compliance with the Federal Rules of Bankruptcy Procedure and the Local Rules of this court."  (ECF No. 7.)  Appellants filed their brief (ECF No. 8); Appellee filed its Motion (ECF No. 9) in response. Appellants never responded. At no point have Appellants file and served a designation of the items to be included in the record on appeal, as required by Bankruptcy Rule 8009(a)(1)(a).

## II.    LEGAL STANDARD

Federal district courts have jurisdiction to hear appeals from final judgments and orders from the U.S. Bankruptcy Court under 28 U.S.C. 158(a)(1).  *See Mort Ranta v. Gorman*, 721 F.3d 241, 246 (4th Cir. 2013) ("[I]n bankruptcy cases, we allow immediate appellate review of orders that finally dispose of discrete disputes within the larger case." (citation omitted)).  "Orders lifting automatic stays are final and appealable."  *Singh v. Shao Lin Lai*, 417 F. Supp. 3d 694, 698 (D. Md. 2019) (citing *Mustafa v. PennyMac Corp., by Pennymac Loan Servs., LLC*, Nos. PJM 16-494, PJM 16-523, 2017 WL 1176057, at *1 (D. Md. Mar. 29, 2017)).  *Cf. Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 864 (4th Cir. 2001) ("We have jurisdiction because the denial of relief from the automatic stay is a final, appealable order.").

"[T]he district court reviews the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error."  *Patterson v. Mahwah Bergen Retail Grp., Inc.*, 636 B.R. 641, 662 (E.D. Va. 2022) (citing *Mar-Bow Value Partners, LLC v. McKinsey Recovery & Transformation Serv. US, LLC*, 578 B.R. 325, 328 (E.D. Va. 2017)); *see In re Johnson*, 960 F.2d 396, 399 (4th Cir. 1992) ("Findings of fact by the bankruptcy court in proceedings within its full jurisdiction are

reviewable only for clear error and legal questions are subject to *de novo* review."); *Khan v. Citibank*, No. CV PX 16-3121, 2017 WL 2311185, at *2 (D. Md. May 26, 2017) (same). "[T]he 'clearly erroneous' standard does not insulate findings 'made on the basis of the application of incorrect legal standards.'" *In re Stanley*, 66 F.3d 664, 667 (4th Cir. 1995) (quoting *Consolidation Coal Co. v. Local 1643, UMWA*, 48 F.3d 125, 128 (4th Cir. 1995)).

Relevant here, "*pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers." *Gray v. Wash. Metro Area Transit Auth.*, No. DKC-16-1792, 2017 WL 511910, at *2 (D. Md. Feb. 8, 2017) (citing *Erickson v. Paradus*, 551 U.S. 89, 94 (2007)). "Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented." *Id.* (citations omitted).

## III. ANALYSIS

Appellants have appealed the Bankruptcy Court's order granting Appellee relief from the automatic stay as to Co-Debtor Bernida Marshall. (Bankr. Ct. ECF Nos. 77, 82.) "When a bankruptcy petition is filed, most pre-petition judgments against the debtor or property of the estate are automatically stayed" pursuant to 11 U.S.C. § 362. *Claughton v. Mixson*, 33 F.3d 4, 5 (4th Cir. 1994) (citations omitted). "Congress, however, has granted broad discretion to bankruptcy courts to lift the automatic stay to permit enforcement of rights against property of the estate." *Id.* (citing 11 U.S.C. § 362(d)). Specifically, 11 U.S.C. § 362(d) provides: "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . , such as by terminating, annulling, modifying, or conditioning such stay—(1) for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). Thus, § 362(d)(2) "authorizes lifting the automatic stay with respect to actions concerning property

if 'the debtor does not have an equity in such property; and such property is not necessary to an effective reorganization.'" *Capital Source Fin., LLC v. Delco Oil, Inc.*, 520 F. Supp. 2d 684, 697 (D. Md. 2007). "Because the Bankruptcy Code provides no definition of what constitutes 'cause,' the courts must determine when discretionary relief is appropriate on a case-by-case basis." *Claughton*, 33 F.3d at 5 (citing *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992)). *See In re Lee*, 461 F. App'x 227, 231 (4th Cir. 2012) ("Because the statute does not define cause, "courts must determine when discretionary relief is appropriate on a case-by-case basis." (quoting *In re Robbins*, 964 F.2d at 345)).

The Federal Rules of Bankruptcy Procedure "govern procedure in cases brought under title 11 of the United States Code." Fed. R. Bankr. P. 1001. As part of an appeal, within fourteen days of her notice of appeal, an appellant "must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R Bankr. P. 8009(a)(1)(a). If an appellant fails to do so, the Bankruptcy Clerk then transmits to the Clerk of the District Court a partial record consisting of a copy of the order or judgment appealed, the notice of appeal, a copy of the docket entries and such other documents as the Bankruptcy Clerk deems relevant to the appeal. Local Rule 404.2 (D. Md. 2023). Once the partial record has been filed in the District Court, the court may, upon motion of the appellee or upon its own initiative, "dismiss the appeal for non-compliance with Bankruptcy Rule 8009 after giving the appellant an opportunity to explain the non-compliance and upon considering whether the non-compliance had prejudicial effect on the other parties." *Id.*

Where an appellant considers review of a proceeding to be "necessary for the appeal," she also must, within the time period under Rule 8009(a)(1)(B), "order in writing from the reporter . . . a transcript of such parts of the proceedings not already on file . . . , and file a copy of

the order with the bankruptcy clerk," or "file with the bankruptcy clerk a certificate stating that the appellant is not ordering a transcript."  FED. R BANKR. P. 8009(b)(1).

Moreover, an appellant's brief is required to contain, *inter alia*:

> (5) a statement of the issues presented and, for each one, a concise statement of the applicable standard of appellate review;
> (6) a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record;
> (7) a summary of the argument, which must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief, and which must not merely repeat the argument headings;
> (8) the argument, which must contain the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies;
> (9) a short conclusion stating the precise relief sought;

FED. R BANKR. P. 8014(a).

Here, Appellants have failed to comply with many of the Bankruptcy and Local Rules governing their appeal before this court: they have failed to file and serve on Appellee a designation of the items to be included in the record on appeal pursuant to Bankruptcy Rule 8009(a)(1)(a); they have failed, despite the court's order at ECF No. 7 and Appellee's Motion at ECF No. 9, to explain the non-compliance in accordance with Local Rule 404.2; they have failed to order the seemingly necessary transcript of the evidentiary hearing or to file a certificate that they will not be doing so in accordance with Bankruptcy Rule 8009(b)(1); and, finally, they have failed to include in their brief (i) a statement of the issues presented, (ii) a concise statement of the case, (iii) a summary of their argument before this court as to how they contend the Bankruptcy Court erred in its order, or (iv) the precise relief requested in accordance with Bankruptcy Rule 8014(a).

Appellants contend their eviction is wrongful, but fail to present a cogent argument to this court as to how the Bankruptcy Court's legal conclusions or factual findings were in error.  (ECF No. 8.)  Instead, Appellants' "Notice of Appeal" seemingly challenges, at least in part, the actions of the "local rent court," the decision of which is not before this court.  (ECF No. 1.)  Given the insufficiency of Appellants' brief, as well as their categorical failure to comply with the relevant Bankruptcy Rules governing appeals, dismissal is warranted.  Even if Appellants' brief was not plainly and materially insufficient, they have repeatedly failed to comply with the Bankruptcy Rules with regard to filing the necessary materials for their appeal, despite repeated opportunities to do so; thus, dismissal is proper pursuant to Local Rule 404.2.  (ECF Nos. 7, 9.)

## IV.   <u>CONCLUSION</u>

For the reasons set forth herein, by separate order, the appeal will be dismissed, and Appellee's Motion (ECF No. 9) will be denied as moot.

Date: July 16, 2024                                          \_\_\_\_/S/_____
                                                             Julie R. Rubin
                                                             United States District Judge